CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 14 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY HENRY TILLER,<br>Plaintiff, | Civil Action No. 7:11-cv-00112 |
| v. | **MEMORANDUM OPINION** |
| DOC, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Timothy Henry Tiller, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants "Doc" of the Haysi Regional Jail ("Jail") and the Jail's medical staff. This matter is before me for screening, pursuant to 28 U.S.C. § 1915, because plaintiff did not pay the filing fee and filed financial documents for leave to proceed in forma pauperis. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. The mental health doctor at the Jail prescribed him Rewrontin, Elavil, and Risperdol on October 28, 2010. On December 28, 2010, a correctional officer charged plaintiff with a disciplinary infraction related to his receipt of the medicine at pill call. Staff found plaintiff guilty of the infraction and took all his medicines away during his five days in lockdown. As a result of not having his medicine, plaintiff experienced "really bad anxiety[,] . . . depression, and a lot of nights without sleep. . . ." (Compl. 4.) Plaintiff requests as relief to be moved from the Jail to a Virginia Department of Corrections ("VDOC") prison so he can receive his medicine.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate

2

failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the "medical staff" is not a person subject to § 1983. Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Medical Staff is not a person for purposes of § 1983). Therefore, plaintiff fails to state a claim against the "medical staff" upon which § 1983 relief may be granted.

Plaintiff also fails to explain how defendant "Doc"[1] violated a constitutional right about the interruption of his medical treatment that the mental health doctor ordered. Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Plaintiff fails to allege any facts against "Doc" that state a claim under § 1983. Accordingly, I dismiss plaintiff's complaint without prejudice for failing to state a claim upon which relief may be granted.

---

[1] It is not clear whether the defendant "Doc" refers to a doctor or the department of corrections. Regardless, plaintiff acknowledges that a doctor at the Jail prescribed him medicine and that he is not incarcerated within the VDOC system. Thus, plaintiff fails to state a claim by either interpretation.

3

III.

For the foregoing reasons, I grant plaintiff leave to proceed in forma pauperis and dismiss his complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may refile his claim at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 14th day of March, 2011.

                                          Senior United States District Judge